**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Magdaleno REYES–BAUTISTA, Defendant–Appellant.**

No. 05–40022.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 2007.

---

280

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

In our previous opinion in this case, we affirmed Defendant–Appellant Reyes–Bautista's conviction but vacated his sentence and remanded his case for resentencing consistent with *United States v. Booker* and *United States v. Fanfan.*[1] Although we vacated Reyes–Bautista's sentence, we rejected his argument that the district court mischaracterized his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C).[2]

After *Lopez v. Gonzales*[3] was decided, the Supreme Court vacated our judgment and remanded this case for reconsideration in light of *Lopez.* Upon reconsideration and in light of *Lopez,* we conclude that, in addition to the *Fanfan* error, the district court erred by characterizing Reyes–Bautista's state felony as an "aggravated felony" and enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(C).[4]

The conviction is AFFIRMED, but we VACATE Reyes–Bautista's sentence and REMAND the case for resentencing consistent with our opinion on February 21,

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See United States v. Reyes–Bautista,* 167 Fed. Appx. 996, 997 (5th Cir.2006) (unpublished) (per curiam).

2. *Id.*

3. —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006)

4. *See United States v. Estrada–Mendoza,* 475 F.3d 258 (5th Cir.2007).

2006 and the Supreme Court's decision in *Lopez.*